

**FILED**
DEC 3 0 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES NELSON, on behalf of himself and a class of persons similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 03 CV 6446 |
| ) | |
| v. ) | Hon. Charles P. Kocoras |
| ) | |
| UBS GLOBAL ASSET MANAGEMENT (AMERICAS), INC., f/k/a BRINSON PARTNERS, INC. and BP EMPLOYEE SAVINGS PLAN, ) ) ) ) ) | |
| Defendants. | |

DOCKETED
JAN 1 0 2005

## NOTICE OF MOTION

TO:  Shawn M. Collins          Glenn L. Hara              Michael A. Weinbaum
     David J. Fish              Susman & Watkins           BP Legal
     The Collins Law Firm, P.C. Suite 600                  BP America Inc.
     1770 North Park Street     Two First National Plaza   4101 Winfield Road
     Suite 200                  20 South Clark Street      Mail Code 4 West
     Naperville, IL 60563       Chicago, IL 60603          Warrenville, IL 60555-3521

PLEASE TAKE NOTICE that on January 13, 2005, at 9:30 a.m., we shall appear before the Honorable Judge Charles P. Kocoras in the United States District Court for the Northern District of Illinois, Courtroom 2548, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present Defendant's Motion to Reassign Pursuant to Local Rule 40.4, a copy of which is attached hereto and hereby served upon you.

Date: December 30, 2004

Respectfully submitted,

UBS GLOBAL ASSET MANAGEMENT
(AMERICAS), INC., f/k/a/ BRINSON PARTNERS,
INC.

By: _____
     One of its attorneys

Vincent J. Connelly
Jennifer L. Rakstad
Melissa Pastrana
Nicole Byrd
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL 60603
Tel: (312) 782-0600, Fax: (312) 701-7711

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 3 0 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

James Nelson, on behalf of himself and a class of persons similarly situated,

   Plaintiff,

v.

Brinson Partners, Inc. and BP Amoco Savings Plan,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 03 CV 6446

Magistrate Judge Michael T. Mason

DOCKETED
JAN 1 0 2005

## DEFENDANT UBS GLOBAL ASSET MANAGEMENT (AMERICAS), INC.'S MOTION TO REASSIGN PURSUANT TO LOCAL RULE 40.4

UBS Global Asset Global Asset Management (Americas), Inc. (formerly known, and referred to herein, as "Brinson"), respectfully moves for reassignment of *Pruden v. UBS AG and UBS Global Asset Management (Americas), Inc., f/k/a Brinson Partners, Inc., and UBS Global Asset Management Trust Company, f/k/a Brinson Trust Company*, Case No. 04 C 7633 (N.D. Ill.) ("*Pruden*"), to this Court pursuant to Local Rule 40.4. In support of its motion, Brinson states as follows:

1.  In the case currently pending before this Court ("*Nelson*") Plaintiff James Nelson, on behalf of a class of similarly situated individuals, brings a claim against Defendant Brinson for breach of fiduciary duty. Plaintiff Nelson's allegations center on Brinson's role in 2001 as Investment Manager for the Cash Management Fund, one of the investment options available to participants (including Nelson) in the BP Amoco Employee Savings Plan (the "BP Plan"). Plaintiff Nelson alleges that Brinson breached a fiduciary duty to the BP Plan participants by

purchasing for the Cash Management Fund an Enron Loan Participation, which later defaulted. A copy of the Complaint in *Nelson* has been attached hereto as Exhibit 1.[1]

2. On November 24, 2004, the same lawyers representing the Plaintiff in *Nelson* instituted the *Pruden* lawsuit in the Northern District of Illinois.[2] A copy of the complaint in *Pruden* is attached hereto as Exhibit 2. The allegations in *Pruden* arise from Brinson's purchase of the very same Enron Loan Participation that is at issue in the instant case, and both cases involve nearly identical issues of fact and law. For example, both complaints allege that (1) Brinson breached a duty of prudence by failing to adequately investigate the Enron securities, and even use virtually identical language to describe these allegations (*Nelson* Complaint at ¶ 40; *Pruden* Complaint at ¶ 43), and (2) that Brinson could not have made a "reasonable determination" that the Enron Loan Participation was a "suitable investment" for the Cash Management Fund. *Nelson* Complaint at ¶ 40; *Pruden* Complaint at ¶ 43. Both cases also allege that the loss to the Cash Management Fund was caused by the purported "violation" of Brinson's fiduciary duties and its "own internal policies." *Nelson* Complaint at ¶ 41; *Pruden* Complaint at ¶ 45. In fact, the primary differences between *Nelson* and the *Pruden* case are that (1) *Pruden* also names as defendants UBS AG (Brinson's parent company) and Brinson Trust Company (Brinson's wholly owned subsidiary) and (2) *Pruden* is a putative class action on behalf of

---

[1] On November 12 2004, Nelson moved to amend his complaint to add eight new defendants and an additional claim against Brinson. Because Nelson's proposed amendment came only seventeen days before the close of discovery and would require the parties to engage in additional discovery, Brinson opposed the motion. Briefing on Nelson's motion was completed on December 30, 2004.

[2] While the defendants in *Pruden* have not yet filed their first responsive pleadings (which are due January 21, 2004 pursuant to the parties' agreement), Local Rule 40.4 "does not explicitly require that a motion for relatedness and reassignment be made only after a party answers or otherwise pleads * * *." *Freeman v. Bogusiewicz*, No. 03 C 2908, 2004 WL 1879045, *1 (N.D. Ill. 2004) (Der Yerghiayan, J.)

individuals who invested in the Cash Management Fund through the UBS Savings and Investment Plan, rather than the BP Plan. *Pruden* Complaint, ¶ 4.

3. Local Rule 40.4(b) permits the reassignment of "related" cases to the judge proceeding over the earlier-filed case, when a reassignment would satisfy the requirements outlined in the rule relating to judicial economy and efficiency. Pursuant to Local Rule 40.4(a), two cases may be "related" if the cases "involve some of the same issues of fact or law," (L.R. 40.4(a)(2)), or if the cases "grow out of the same transaction or occurrence." (L.R. 40.4(a)(3))

4. *Pruden* and *Nelson* are related cases pursuant to Local Rule 40.4(b) because, as described above, both cases involve virtually identical issues of fact and law. The fact that *Pruden* involves two additional defendants and purports to represent a different class does not defeat relatedness. *See Freeman v. Bogusiewicz*, No. 03 C 2908, 2004 WL 1879045 (N.D. Ill. 2004) (Der Yeghiayah, J.) (finding relatedness despite "[t]he fact that each complaint alleges a separate incident of misconduct or that the complaint in *Parker* contains additional counts * * * [since the] "overwhelming factual and legal issues" in the two cases "revolve around the [same] incident * * *."). Indeed, under Rule 40.4(a)(2), the cases need not be identical, but need involve only "some" of the same issues of law and fact. Here, this requirement is plainly satisfied.

5. A related case like *Pruden* may be reassigned to this Court if (1) both cases are pending in the Northern District of Illinois; (2) if the handling of both cases by the same judge is likely to result in a substantial savings of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b). Here, conditions (1) and (2) are plainly met. Initially, both cases are pending in the Northern District of Illinois. Moreover, this Court is already familiar

with the issues in *Nelson*, as well as the parties, their attorneys and techniques, having already reviewed and ruled on several motions in *Nelson*, including Brinson's previously filed motion to dismiss, and Plaintiff Nelson's motion for leave to file an amended complaint. This Court has also already resolved complex privilege issues in the *Nelson* case, including rejecting Plaintiff Nelson's claim that the fiduciary exception required the production of all of Brinson's privileged documents. *See* December 20, 2004 Order, Exhibit 3. This issue will undoubtedly arise in *Pruden* as well. In addition, this Court has already denied Plaintiff Nelson's motion to compel, which sought sanctions in connection with Brinson's document production of certain categories of documents. *See* December 2, 2004 Order, Ex. 4. Reassigning *Pruden* to this Court will avoid expending judicial efforts to address these issues for a second time. Moreover, reassignment will allow summary judgment motions – which will involve the very same legal issues – to be decided upon by one judge rather than two, thereby avoiding inefficient duplication of efforts and potentially inconsistent rulings. *See Murry v. America's Mortgage Banc, Inc.*, No. 03 C 5811, 2004 WL 407010, *2 (N.D. Ill. 2004) (Guzman, J.) (granting reassignment motion in part because of utility of having one judge, rather than two, decide on dispositive motions).

6. Brinson believes that conditions (3) and (4) also counsel in favor of reassignment. Because *Pruden* and the *Nelson* case involve virtually identical issues of law and fact, they are susceptible of resolution in a single proceeding. However, because *Nelson* has proceeded beyond the pleadings and the parties are in the process of completing discovery, Brinson does not request that this Court consolidate *Pruden* with *Nelson* pursuant to Federal Rule of Civil Procedure 42, or otherwise place the two cases on the same schedule. Rather, Brinson requests that *Pruden* be reassigned to this Court – where *Pruden* would then proceed on its own schedule – in order to effect the savings of judicial time and effort described above.

7.      Because *Pruden* and *Nelson* involve the same issues of law and fact, and because reassigning *Pruden* to this Court would benefit judicial economy, Brinson respectfully requests that this Court reassign *Pruden* pursuant to Local Rule 40.4(c).

Dated: December 30, 2004                    Respectfully submitted,

*[signature]*

Vincent J. Connelly
Jennifer L. Rakstad
Nicole Byrd
Melissa Pastrana
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL 60603-3441
(312) 782-0600
(312) 701-7711 – Facsimile

*Attorneys for Defendant UBS Global Asset Management (Americas), Inc. f/k/a/ Brinson Partners, Inc.*

## CERTIFICATE OF SERVICE

      I, Melissa J. Pastrana, an attorney, hereby certify that a true and correct copy of the foregoing **DEFENDANT UBS GLOBAL ASSET MANAGEMENT (AMERICAS), INC.'S MOTION TO REASSIGN PURSUANT TO LOCAL RULE 40.4**, and Notices of Filing and Motion thereof, were sent by messenger to:

Shawn M. Collins  
David J. Fish  
The Collins Law Firm, P.C.  
1770 North Park Street  
Suite 200  
Naperville, IL 60563  
Fax: 630/527-1193  

and by overnight mail to

| | |
|---|---|
| Charles R. Watkins | Michael A. Weinbaum |
| John R. Wylie | BP Legal |
| Glenn L. Hara | BP America Inc. |
| Susman & Watkins | 4101 Winfield Road |
| Two First National Plaza, Suite 600 | Mail Code 4 West |
| 20 South Clark Street | Warrenville, IL 60555-3521 |
| Chicago, IL 60603 | Fax: 630/821-3402 |
| Fax: 312/346-2829 | |

as well as by facsimile to all parties, on December 30, 2004.

                                                                                                        Melissa J. Pastrana

*See Case File For Exhibits*