UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES NELSON, on behalf of himself )
and a class of persons similarly situated, )
)
Plaintiff, )
)
vs. ) 03 C 6446
)
UBS GLOBAL ASSET MANAGEMENT )
(AMERICAS), INC., f/k/a BRINSON )
PARTNERS, INC., and the BP AMOCO )
SAVINGS PLAN, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Plaintiff James Nelson, on behalf of himself and the class he represents, for leave to file an amended complaint. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

The factual background of this case, as alleged in the complaint, is set out in full detail in our prior ruling. We provide only a summary of the facts pertinent to today's ruling here.

Nelson is a former employee of BP Amoco Corporation ("BP"). He participates in a retirement plan as a benefit of his employment with BP. In 2001, the plan was

administered by Defendant UBS Global Management (Americas), Inc. (known at the time by the name Brinson Partners, Inc.). Nelson, on behalf of a class of investors, claims that UBS mismanaged plan funds through "risky debt" investments, including debt of Enron Corporation. The plan still held these investments at the time of Enron's collapse, causing it to lose approximately 2% of its value.

Nelson initially filed suit in September 2003, claiming violations of the Employment Retirement Income Security Act ("ERISA") by Brinson and the plan itself. In its original motion for leave to amend, filed in December 2004 on the eve of the close of discovery, Nelson sought to add several defendants, new claims, and supplemental factual allegations to the existing complaint. The request to add new parties has been obviated by Nelson's filing of a new lawsuit against those parties only (Nelson v. BP Corporation et al., Case No. 04 C 7660). Thus, the motion as it currently stands involves only the new claims and additional facts.

## LEGAL STANDARD

Fed. R. Civ. Proc. 15(a) provides that, once a responsive pleading is served, a plaintiff must obtain leave of court to amend its complaint. The rule mandates that leave be given freely "when justice so requires," but if there is an apparent reason not to permit the amendment, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962), the motion may be denied. See, e.g., Payne v. Churchich, 161 F.3d 1030, 1036-37 (7th Cir. 1998). Though delay is often a factor that must be considered in assessing a request to file an amended complaint, it is seldom sufficient by itself to warrant denial of leave. See Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 793 (7th Cir. 2004). The decision whether to grant or deny a motion for leave to amend is committed to the sound discretion of the district court. Perrian v. O'Grady, 958 F.2d 192 (7th Cir. 1992). With these principles in mind, we turn to the present motion.

## DISCUSSION

The proposed additions to the complaint fall into three categories. The first consists of additional factual material, adding detail to existing allegations. The second pertains to a $3.1 million bond purchased from Enron in October 2001. The third revolves around causes of action rooted in two sections of ERISA: 29 U.S.C. § 1105 and 29 U.S.C. § 1106.

With respect to the first category, we do not see any prejudice that attaches to Defendants from the inclusion of the new factual details. The complaint specifically disclaims any theory of liability premised on fraud that could implicate the heightened pleading standard of Fed. R. Civ. Proc. 9(b), so the typical notice pleading standard of

federal procedure applies. As a result, none of the specific facts Plaintiffs wish to add is necessary, but there is no harm to the Defendants to have them appear.

To prevent the amendment with respect to the second category, Defendants primarily argue that Plaintiffs waited too long to raise issue with respect to the bond and accordingly are limited to seeking damages relating to the $55 million loan participation that was specifically referenced within the initial complaint. While the argument that naming of a particular investment implies that no other is included has some merit, the liberal pleading rules applicable to federal complaints and the indication that Defendants have been aware that Plaintiffs were seeking information as to the purchase of the bond at least since October 2004 weighs in favor of allowing the amended material with respect to the bond. See Defs.' Surreply, Exh. 2, at 1 (referring to a request for documents pertaining to "all of the CMF's Enron purchases"). As a result, the allegations specifically relating to the Enron bond will be allowed.

Lastly, we turn to the third category. Here, Defendants' challenge is well-founded. A cause of action based on § 1105, which allows liability to attach to fiduciaries based on the acts of other fiduciaries, implicates aspects of relationships between Defendants and others that would not necessarily be part of the factual development process that has already taken place in this case. In addition, the defendants named in the new suit (04 C 7660) are potentially drawn within the scope

of this section, whose attempted late addition has caused an entirely separate action to arise to avoid the possibility that their inclusion would ultimately not be permitted. The discovery needed to plumb the depths of their interactions with Defendants in this case to determine whether liability could attach vicariously would make the procedural gymnastics that the parties have engaged in thus far almost for naught and result in a significant amount of wasted effort by the parties and the court. Accordingly, we are of the opinion that justice requires that the addition of claims related to § 1105 be disallowed.

The same result attaches to the § 1106 claims, though for slightly different reasons. It is true that § 1106 can be construed as merely a particularized subset of claims that are also actionable under § 1104, which has been a part of this suit from its inception. See Harris Trust and Savings Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 241–42, 120 S. Ct. 2180, 2185 (2000). However, § 1106 requires a different manner of legal analysis and implicates the statutory exemptions laid out in 29 U.S.C. § 408. See Keach v. U.S. Trust Co., N.A., 235 F. Supp. 2d 886, 899 (C.D. Ill. 2002). This new framework could manifest in pleading of affirmative defenses not already included, introducing areas not yet explored into which Plaintiffs would surely wish to delve with further use of discovery tools. See id. This is in addition to discovery that would be required to determine the content of the specific transactions, what parties

were involved, details of the respective relationships, determinations of whether involved entities are "parties in interest" as § 1106 uses that term, and so on. A can of worms such as this is precisely the type of circumstance where the general policy of liberality with respect to amendment of pleadings must give way to the prejudice to the opposing party and the judicial interest in ordered and timely development and disposition of cases. In light of this reality, we will not allow Plaintiffs to assert any claims based in § 1106.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion for leave to file the First Amended Complaint is granted in part and denied in part. Plaintiffs must file an amended complaint whose contents are consistent with this ruling by February 23, 2005.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated:   February 9, 2005